ALVIN A. JEFFRIES, Appellee, v. IOWA RAILWAY AND LIGHT COMPANY, Appellant.

**EVIDENCE:** Opinion Evidence—Examination of Experts. An ex-
1   pert who answers an opinion question which assumes the existence of a certain fact, *which fact the expert has not yet testified to*, will be presumed to have had such fact in mind in giving such answer, when the record shows that, subsequent to such answer, he did testify to the existence of such missing fact, and knew thereof before he gave said answer.

**APPEAL AND ERROR:** Harmless Error—Curing Error by Instruc-
2   tions. The erroneous admission, on a matter not in issue, of non-inflammatory evidence bearing on the amount of recovery, is cured by specific instructions to the jury to wholly disregard the same in making up their verdict.

*Appeal from Linn District Court.*—MILO P. SMITH, Judge.

MAY 20, 1918.

ACTION for damages.  Judgment for plaintiff.  Defendant appeals.—*Affirmed.*

*John A. Reed, William Smith,* and *Dutcher, Davis & Hambrecht,* for appellant.

*Rickel & Dennis,* for appellee.

STEVENS, J.—I.  Plaintiff was injured while riding a motorcycle upon Fifth Avenue at its intersection with Fourth Street in the city of Cedar Rapids.  The allegations of negligence, in substance, are that defendant had removed paving block from between the rails of its track, which passes over and upon Fifth Avenue and across Fourth Street in said city, and that it had negligently permitted same to remain in a dangerous condition for an unreasonable length of time, without placing barriers, lights, or other warnings near the same, as required by the ordinance of said city.  The defect was obscured by snow, and a blizzard was in progress at the time.  The jury returned a verdict in favor of plaintiff for $5,000.

Plaintiff's injuries consisted of a partial severance of the urethra, and some injury to the prostate gland.  An operation, which consisted of placing, and securing by stitching, the severed parts of the urethra in position to unite, was performed by a surgeon in the employment of defendant.  Upon the trial, a medical witness, who had previously made a physical examination of plaintiff, was asked the following question:

1. EVIDENCE: opinion evidence: examination of experts.

"I'll ask you, Doctor, now, in what way an affected or enlarged prostate gland, one afflicted or inflamed such as you say you found in the plaintiff, will affect, if at all, the ejaculatory ducts?"

The specific objection to the question was that it assumed that the witness had testified to an inflamed condition of the prostate gland, and the record discloses that he had

not done so. It does appear, however, that the witness later testified that the prostate gland was inflamed to some extent. It should, therefore, be assumed that the witness, in answering the question, had in mind the condition which he later testified he had previously found to exist, and that the answer was the same as it would have been had the question been propounded after he had given his testimony upon this point. It necessarily follows, therefore, that no prejudice resulted to defendant on account of the error complained of.

II. Medical experts, called on behalf of appellee, testified to the presence of scar tissue at the point where the urethra was severed, and that the same might produce stricture. One of these witnesses was asked

2. APPEAL AND ERROR: harmless error: curing error by instructions. by counsel for appellee whether or not death can occur from stricture. This was objected to, upon the ground that it was incompetent, irrelevant, immaterial, purely speculative, and that no such claim was made in the petition. The petition, however, alleged, in general terms at least, injuries to the parts in question. Evidence was offered to show the extent of the injuries. It is true that the jury would not have been justified in finding, from the evidence introduced, that appellee was likely to die from stricture or other injuries. To this extent, the evidence sought may have been somewhat speculative in character; but the court limited the jury, in its consideration of the evidence, to the injuries actually received, and to such damages in the future, if any, as it was reasonably certain from the evidence that he would suffer, and specifically instructed it to allow nothing on the mere possibility of plaintiff's death from his injuries.

Counsel for appellant requested the court to instruct the jury as follows:

"Evidence is before you that, in some cases, death may result from a stricture of the urethra; but it is not in evidence that there is any probability this plaintiff will die of such stricture. Therefore, you will not consider, as ground for allowing or fixing the damage in this case, the chance or

possibility of death of plaintiff on account of his injury."

This instruction was refused, and the court, as a part of its seventh instruction, told the jury:

"But you will not allow anything on the mere possibility of the death of plaintiff on account of his injury."

It is argued by counsel for appellant that, had the requested instruction been given, the prejudicial effect of the above testimony would have been cured, but that the instruction given was not broad enough to do so. We are, however, quite sure that the instruction given was sufficiently specific to inform the jury that no damages were to be allowed on account of the mere possibility of the death of plaintiff.

Objections now urged to Instruction No. 5 were not made in the court below, and cannot be considered upon this appeal.

III. Complaint is made of the court's instruction upon the weight to be given to the testimony of expert medical witnesses. No exception was taken to this instruction until after the verdict. Exceptions were, however, taken thereto in the motion for new trial. The exceptions urged to this instruction in argument are rather technical, and based largely upon a somewhat unfortunate use of words. While there is some merit in counsel's contention, we are quite clear that the jury could not well have misunderstood or been misled thereby, and we are not, therefore, disposed to reverse on account of the exceptions urged. Finding no reversible error in the record, the judgment of the court below is—*Affirmed.*

PRESTON, C. J., WEAVER and GAYNOR, JJ., concur.